LEMMON, Judge
(concurring).
As to the applicability of “contra non valentem”, the relevant event which gives rise to a cause of action for challenging the qualifications of a candidate is the filing of qualifying papers during the prescribed period, an event of which the public has general knowledge. While perhaps at the time of this relevent event Heaslip lacked knowledge of the facts surrounding Treen’s lack of qualifications, these facts were discoverable. The overall legislative scheme of allowing five days after the close of the qualifying period within which to investigate a candidate’s qualifications and to challenge his candidacy is not unreasonable.
As to the unconstitutionality of the five-day limitation on objections to candidacy, I agree with Heaslip’s contention that an unqualified person (such as a nine-year old candidate for senator or a non-lawyer for judge) cannot become qualified by the passage of five days. Nevertheless, although R.S. 18:396 gives opposing candidates and other qualified electors this limited period for challenges immediately after the qualifying period, the passage of the challenge period does not result in the unqualified candidate’s election, nor does the passage bar other methods of preventing the candidate from ultimately assuming office. See dissenting opinion in O’Keefe v. Burke, supra.
The determination of lack of qualifications often involves close and vigorously contested questions of fact. The legislature has apparently decided that litigation should be limited in point of time, rather than freely allowed at any time where one party or the other can take advantage of the publicity surrounding the litigation or can disrupt the normal election process.